IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD FIRESTONE )
) No. 15-966
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability benefits, based on allegations of mental and physical impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ's decision is fraught with unidentified errors and inconsistencies. In particular, Plaintiff focuses on the ALJ's alleged failure to properly evaluate Listing 4.04, relating to ischemic heart disease. I decline to comb through the pages incorporated by reference into Plaintiff's brief in an effort to locate and address those errors and inconsistencies. Doing so would permit Plaintiff to circumvent the the twenty page limit imposed by my Chambers Rules, as well as the prohibition on incorporating previously filed documents by reference. Accordingly, I will address only the argument specifically raised, relating to Listing 4.04.

Listing 4.04 20 C.F.R. Part 404, Subpart P, Appendix 1 (Part A), § 4.04 requires, inter alia, angiographic evidence of 70 percent or more narrowing of another [other than left main]

nonbypassed coronary artery, "[r]esulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living." In particular, Plaintiff asserts that there was clear evidence of 70 percent or more narrowing of another nonbypassed coronary artery, and also serious limitations delineated in Section C2 of the Listing. In support of this proposition, Plaintiff offers the following citation: "Abnormal stress test. Catheterization showed total occlusion of RCA. Ejection Fraction of 40%. (R. 643) There was 100% distal RCA stenosis with collaterals from the LAD and LCX." This argument is unclear to one without the medical training required to assess whether these notations demonstrate the requisite narrowing. In other words, I cannot find the ALJ's analysis deficient on that basis urged. Nonetheless, I will consider the sufficiency of the ALJ's Listing analysis.

When a claimant is represented by counsel, an ALJ is entitled to assume that an applicant is making his strongest case. Yoder v. Colvin, 2014 U.S. Dist. LEXIS 82556 (W.D. Pa. June 18, 2014). Thus, an ALJ is not required to "identify or analyze the most relevant Listing." Scatorchia v. Comm. of Soc. Sec., 137 Fed. App'x 468, 470-71 (3d Cir. 2005). An ALJ's evaluation must permit meaningful review of the step three considerations; an evaluation is appropriate if it demonstrates that the ALJ determined that appropriate factors did not meet any Listing, even if a particular Listing was not specifically and separately considered. See Mann v. Comm'r SSA, 2016 U.S. App. LEXIS 498 (3d Cir. Jan. 13, 2016).

Such is the case here. Plaintiff alleged disability due to herniated discs, thyroid disease, diabetes, high blood pressure, neuropathy of legs, hands, and feet, and depression. Nonetheless, the ALJ stated that he considered, inter alia, Section 4.00 et. seq., of the Listings, which relate to cardiovascular issues. He then stated, "the current evidence fails to establish an impairment that is accompanied by signs that are reflective of listing level severity. Also, none of the claimant's

treating or examining physicians of record have reported any of the necessary clinical, laboratory, radiographic, or mental status examination findings specified therein." The ALJ further found that Plaintiff had mild restrictions in activities of daily living, which would render Listing 4.04 inapplicable. Upon review of the record and the ALJ's decision, I find no error as urged by Plaintiff.

**CONCLUSION**

In sum, the ALJ's decision was supported by substantial evidence, and will be affirmed. An appropriate Order follows.

**ORDER**

AND NOW, this 14th day of October, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court